UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WILL ARCHER JACKSON,

           Petitioner,           Case No. 1:07-cv-137

v.                                  Honorable Wendell A. Miles

CAROL HOWES,

           Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d).  *Day v. McDonough,* 126 S. Ct. 1675, 1684 (2006).  After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.  Factual Allegations

Petitioner is presently incarcerated at the Lakeland Correctional Facility. After entering a guilty plea, Petitioner was convicted of second-degree murder, MICH. COMP. LAWS § 750.317, in Berrien County Circuit Court. On July 26, 1999, the trial court sentenced Petitioner to imprisonment of twenty to eighty years. The Michigan Court of Appeals and Michigan Supreme Court denied Petitioner's delayed applications for leave to appeal on April 14, 2000 and October 30, 2000[1], respectively.

On or about July 16, 2003, Petitioner filed his first application for habeas corpus relief in this Court.[2] In a memorandum opinion and judgment dated November 3, 2003, the Court dismissed the petition without prejudice for failure to submit an amended petition.[3]

On October 25, 2005[4], Petitioner filed a motion for relief from judgment in the Berrien County Circuit Court, which the trial court denied on March 13, 2006. The Michigan Court of Appeals denied both Petitioner's delayed application for leave to appeal and motion for remand on October 26, 2006. On January 4, 2007, the Michigan Supreme Court denied Petitioner's

---

[1] In his application for habeas corpus relief, Petitioner states that the Michigan Supreme Court denied his delayed application for leave to appeal on November 15, 2000. The correct date of the Michigan Supreme Court's decision is October 30, 2000. *See People v. Jackson,* 618 N.W.2d 912 (Mich. 2000).

[2] *See Jackson v. Cason,* No. 1:03-cv-477 (W.D. Mich. Nov. 3, 2003).

[3] Because Petitioner's first application for habeas corpus relief was dismissed without prejudice, his second application of habeas corpus relief is not second or successive. *See Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (finding a habeas petition filed after a previous petition has been dismissed without prejudice for failure to exhaust state remedies does not qualify as a second or successive application within the meaning of § 2244).

[4] Petitioner's application for habeas corpus relief failed to provide the filing date of his motion for relief from judgment in the Berrien County Circuit Court. Therefore, the Court obtained this information from the Berrien County Clerk for docket number 1999-410765-FC.

application for leave to appeal for failure to meet the burden of establishing entitlement to relief under MICH. CT. R. 6.508(D).

Petitioner raises the following three grounds in his second application for habeas corpus relief: (1) the trial court violated Petitioner's right to a fair trial and due process by denying several of his discovery requests and by allowing prosecutorial misconduct; (2) the trial court breached Petitioner's plea agreement; and (3) Petitioner was denied his constitutional right to the effective assistance of trial and appellate counsel. (Pet. at 4-8.) Petitioner raised the first ground for habeas corpus relief in the Michigan appellate courts, and the second and third grounds for habeas corpus relief in his motion for relief from judgment.

II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[5] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[5]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 544 U.S. 353, 357 (2005). Under that provision, the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." According to paragraph nine of Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on October 30, 2000. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on January 29, 2001. Petitioner had one year from January 29, 2001, until January 29, 2002, to file his habeas application. Petitioner filed his first and second applications for habeas corpus relief after

the statute of limitations expired, on or about July 16, 2003 and February 7, 2007[6]. Even if Petitioner had filed his first application for habeas corpus relief before the statute of limitations expired, the period during which a federal habeas corpus petition is pending does not toll the statute of limitations. *See Duncan*, 533 U.S. at 181-82. Thus, Petitioner's second application for habeas corpus relief is time-barred.

While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. Because Petitioner's one-year period expired on January 29, 2002, his motion for relief from judgment, filed on October 25, 2005, does not serve to revive the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000 WL 553948, at *2 (6th Cir. Apr. 28, 2000); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Rashid v. Khulmann*, 991 F. Supp. 254, 259-60 (S.D.N.Y. 1998); *Whitehead v. Ramirez-Palmer*, No. C 98-3433 VRW PR, 1999 WL 51793, at *1 (N.D. Cal. Feb. 2, 1999). Even where the postconviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon v. Sherman*, 329 F.3d 490 (6th Cir. 2003)).

---

[6]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his second application for habeas corpus relief on February 7, 2007, and it was received by the Court on February 9, 2007. Thus, it must have been handed to prison officials for mailing at some time between February 7 and 9. For purposes of this case, the Court gave Petitioner the benefit of the earliest possible filing date.

The one-year limitation period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen*, 366 F.3d at 401; *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Jurado*, 337 F.3d at 642-43; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009. In *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, No. 01-1481, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing"). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 126 S. Ct. at 1684. This report and recommendation shall therefore serve as notice that the District Court

may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date: March 6, 2007               /s/ Ellen S. Carmody
                                  ELLEN S. CARMODY
                                  United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).